UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-20402-CIV  COOKE/BROWN

THOMAS DELOR,

    *Plaintiff*,

v.

CLEARWATER BEACH
DEVELOPMENT, LLC, *et al.*,

    *Defendants*.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss [DE 6]. Having reviewed the Motion, Plaintiff's Response [DE 8], and the numerous attachments to both, I find that dismissal is warranted.

### I.   BACKGROUND

The relevant background here is predominantly procedural.  Plaintiff, Thomas Delor, on February 14, 2008, filed the Complaint that sparked this litigation, alleging RICO violations, violations of the Florida Condominium Act, unjust enrichment, and claims under Florida's Civil Remedies for Criminal Practices Act.  Prior to filing this Complaint, Delor had filed lawsuits alleging similar if not identical claims against the identical Defendants in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, and the United States District Court for the Middle District of Florida.  The Sixth Judicial Circuit denied Delor leave to amend a counterclaim to bring the claims present in this case.  After that denial, Delor voluntarily dismissed his counterclaim and brought suit in the Middle District of Florida.  There, Judge Moody, granted Defendants' motion to dismiss.  The Middle District based its dismissal on three

grounds: *first*, Delor had violated an order of from a previous Middle District case requiring him to obtain leave of the court to proceed *pro se*; *second*, the court found that "it appear[ed] it would be fruitless for Plaintiff to bring this action" because the supporting factual basis of Plaintiff's claims, a engineering report and recommendation, did not actually support any of his legal claims; and, *third*, it did not appear that Plaintiff had standing to sue under the Florida statutes.  The Middle District therefore dismissed the case with prejudice and again ordered the clerk to not accept any further case filings from Delor unless he was represented by counsel or had obtained leave of the court to proceed *pro se*.

Delor appealed the Middle District decision.  The United States Court of Appeals for the Eleventh Circuit denied Delor's motion for leave to proceed *in forma pauperis* "because the appeal [was] frivolous."  Delor failed to pay the docketing and filing fees and the Eleventh Circuit subsequently dismissed the appeal.

The Complaint in front of this Court is, for all intents and purposes, the same as the complaint disposed of by the Middle District, and any gradation is irrelevant.  Defendants have moved to dismiss this Complaint on the ground that this litigation is barred by the doctrine of *res judicata*.

## II.     RELEVANT STANDARDS

### a.     *Res Judicata*

"*Res judicata*, or claim preclusion, will prohibit a party from re-litigating a claim where a judgment on the merits (involving the same claim and the same parties) exists from a prior action. *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir.2007).  The four elements necessary for the application of *res judicata* are: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identity of parties; and (4) identity of causes of action.

*Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1225 (11th Cir. 1998).

      **b.**      **Motion to Dismiss**

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715, *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim." *Marsh*, 268 F.3d at 1022. Finally, at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000).

**III.    ANALYSIS**

Whether this case is barred by application of *res judicata* is not determinative because, as explained *infra*, the action fails to state a claim upon which relief can be granted.  However, because Defendants' motion is premised on *res judicata*, I will first address that ground for dismissal.

There is no argument that the United States District Court for the Middle District of Florida is a court of competent jurisdiction, nor is there any argument that the claims and parties are both identical.  The only question that remains then, is whether the Middle District's decision was a final judgment on the merits. The Middle District's order, in granting defendants' motion to dismiss, was a dismissal with prejudice.  Such a dismissal normally constitutes a judgment on the merits.  *See Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc*.,  575 F.2d 530, 534 (5th Cir. 1978) ("It is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action.")[1] ; *see also* FEDERAL RULES OF CIVIL PROCEDURE RULE 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."). However, the present situation is made slightly more complicated by the way in which the Middle District dismissed the previous case.

Plaintiff has argued that the dismissal did not reach the merits because the Middle District "issued its order dismissing Delor's Complaint on three grounds while defendants' motion to

---

[1]The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc ), adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

dismiss [was based only on plaintiff's violation of the order barring him from filing *pro se*]." It is apparent to this Court, that although the Middle District began its analysis by noting that Plaintiff had failed to comply with the order and sanction, the court did reach the merits of the claim and that the dismissal was therefore a final judgment on the merits for purposes of *res judicata*.[2]

The Middle District reviewed the allegations of the complaint and found that "it would be fruitless for Plaintiff to bring this action." The main basis for this conclusion appears to be that the lynchpin evidence in Plaintiffs' complaint, a document Delor refers to as the Covington Report, simply did not (and does not) support his claims. Moreover, the court found that Plaintiff did not have standing to sue under the Florida Condominium Act.

Moreover, the Eleventh Circuit found Plaintiff's appeal of the Middle District decision frivolous. Delor argues that the Eleventh Circuit found only that appeal of the denial to proceed *in forma pauperis* was frivolous. Reading the Eleventh Circuit's order in context with the Middle District's dismissal, and after reviewing the Middle District's docket for the previous case, Plaintiff's argument cannot be correct. First, and most obviously, Plaintiff never appealed the District court's denial of his motion to proceed *in forma pauperis*. Second, the docket entries for

---

[2] *Cf. Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188-89 (11th Cir. 2003)
   Although the district court thus employed 'jurisdictional' language, it is equally plain as a substantive matter that the court did not actually conclude that it lacked the power to adjudicate the dispute before it. * * * Simply put, this analysis can only be considered a decision on the merits. The court focused not on its ability to adjudicate the case before it, but instead on the substantive shortcomings in Davila's arguments. In other words, it is not that the court found that it lacked the power to hear Davila's claims; it is simply that the court found those claims to be unpersuasive. By contrast, if the district court truly had dismissed the case for lack of subject matter jurisdiction it could not legitimately have reached the merits of Davila's contentions, as narrow as those questions may have been."

the Eleventh Circuit's denial and dismissal refer only to Delor's notice of appeal of the Middle District's dismissal. And, lastly, parsing the language of the Eleventh Circuit's one-sentence order, it is clear that the court found the *appeal* of the underlying complaint frivolous. The Eleventh Circuit stated: "Appellant's motion for leave to proceed on appeal in forma pauperis is DENIED because the appeal is frivolous." The only meaning permitted by the structure of that sentence is that the underlying appeal, the appeal of the dismissal, was frivolous, and therefore granting *in forma pauperis* would be unwarranted and inappropriate.

The Middle District's dismissal of Plaintiff's claims was a final judgment on the merits. This is only reinforced by the Eleventh Circuit's finding that the appeal was frivolous. Therefore, Plaintiff's Complaint in this Court is barred by the doctrine of *res judicata*.

Even if this were not the case, Plaintiff has failed to state a claim upon which relief can be granted. FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6). As noted above, the instant Complaint is virtually identical to the complaint dismissed by the Middle District. Accepting all of Plaintiff's allegations as true, Plaintiff has still not met his burden of nudging his claims "across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. The Middle District's bases for dismissal, lack of factual support and lack of standing, remain valid here. Moreover, even a cursory review of the Complaint reveals that Plaintiff has failed to allege facts *which actually support* any of his four counts, and in fact, Delor has failed to adduce any facts here not already put forth in his prior complaint. I find it particularly vexatious that Plaintiff has realleged his claims under the Florida Condominium Act even after the Middle District made clear that he did not have standing to bring those claims.

IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Complaint [DE 6] is **GRANTED**. The Case is **DISMISSED** *with prejudice.* The Clerk shall *administratively* **CLOSE** this Case. The Court will rule on Defendants' Motion for Sanctions [DE 19] pending a response from Plaintiff. All other pending motions are **DENIED** *as moot.*

**DONE AND ORDERED** in Chambers, at Miami, FL this 29th day of April 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*